UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEKATERINA MALEVANNAYA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE, <br><br> Defendant. | CASE NO. C18-0886JLR <br><br> ORDER TO SHOW CAUSE AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Before the court are *pro se* Plaintiffs Yekaterina Malevannaya and Liliya Volodkov's (collectively, "Plaintiffs") motion to proceed *in forma pauperis* ("IFP"), complaint, and "emergency" motion for a temporary restraining order ("TRO") against Defendant T-Mobile. (IFP Mot. (Dkt. # 1); Compl. (Dkt. # 1-1); TRO Mot. (Dkt. # 1-2).)

//

//

The court has considered the motions and complaint,[1] the relevant portions of the record, and the applicable law. Being fully advised,[2] the court DENIES Plaintiffs' motions for the reasons set forth below and ORDERS Plaintiffs to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

## II. BACKGROUND

On June 15, 2018, Plaintiffs filed this case against T-Mobile and simultaneously moved for a TRO. (*See* Compl.; TRO Mot.) Plaintiffs' complaint contains no factual allegations, aside from listing Ms. Malevannaya's domicile and the principal place of business for T-Mobile. (*See generally* Compl.; *see id.* at 4.) Both Ms. Malevannaya's domicile and T-Mobile's principal place of business are in Washington. (*Id.* at 4.)

Along with their complaint, Plaintiffs filed two motions: (1) a motion to proceed IFP, and (2) a motion for a TRO. (*See* IFP Mot.; TRO Mot.) The IFP motion appears to contain only Ms. Malevannaya's information and is signed only by her. (*See* IFP Mot.) Ms. Volodkov neither signed the IFP motion nor paid the required filing fee. (*See* Dkt.)

In their motion for a TRO, Plaintiffs state that Ms. Malevannaya is the "account holder of [an] Integrity Business account of T-Mobile," and that they have experienced

---

[1] Plaintiffs do not appear to have complied with any of the requirements for *ex parte* relief. *See* Local Rules W.D. Wash. LCR 65(b)(1) ("Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.").

[2] Plaintiffs did not request oral argument (*see* TRO Mot.), and the court determines that oral argument would not be helpful to its disposition of the TRO motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1 | "unfair treatment of [the] executive response team . . . , harrasing [sic] behavior,
2 | unproffesional [sic] vulgar language, fradulant [sic] transactions, and unreasonable
3 | termination of [their] account without explanation." (TRO Mot. at 1-2.) They further
4 | state that a T-Mobile representative told them they "have untill [sic] Monday to transfer
5 | [their] lines," and that they are not allowed in any T-Mobile retail stores or to obtain
6 | service from T-Mobile or "its affiliates" in the future. (*Id.* at 2.) Based on the foregoing
7 | events, Plaintiffs seek a TRO to "stop termination of service, which will occur on June
8 | 18, 2018." (*Id.* at 1.) The court now addresses Plaintiffs' motions.

### III. ANALYSIS

**A. IFP Motion**

Pursuant to Local Civil Rule 3(c), each plaintiff must sufficiently answer all of the questions on the IFP affidavit approved for use in this District. *See* Local Rules W.D. Wash. LCR 3(c). That information is necessary for the court to determine whether plaintiffs financially qualify to bring their action without paying the applicable filing fee. *See id.* Here, only Ms. Malevannaya provided her financial information and signed the IFP application. (*See* IFP Mot.) Because Plaintiffs provided no information for Ms. Volodkov, the court denies Plaintiffs' IFP motion without prejudice. To correct the deficiency, Ms. Volodkov must file a signed IFP application containing her financial information no later than Monday, July 2, 2018. Ms. Malevannaya may, but is not required to, file an updated application by the same deadline.

//

//

**B.     TRO Motion**

The standards governing the issuance of TROs are "substantially identical" to those governing the issuance of preliminary injuctions. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2011). Accordingly, Plaintiffs must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In addition, a TRO is appropriate if Plaintiffs demonstrate "serious questions going to the merits" and that "the balance of hardships tips sharply" in their favor, provided that Plaintiffs also demonstrate irreparable harm and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). District courts in the Ninth Circuit treat a lack of subject matter jurisdiction as a failure to show a likelihood of success on the merits. *See, e.g.*, *Diaz v. Gaura*, No. 16-00036 JMS-BMK, 2016 WL 447446, at *4 (D. Haw. Feb. 3, 2016) ("[B]ecause the court lacks subject matter jurisdiction over this action, it necessarily is powerless to grant the Second Motion for TRO—at minimum, there is no likelihood of success."); *Rojas v. Green Tree*, No. CV 13-06206 GAF (Ex), 2013 WL 12114481, at *1 (C.D. Cal. Aug. 23, 2013) (denying the motion for a TRO and ordering the plaintiff to show cause regarding subject matter jurisdiction because the plaintiff had "provided no evidentiary or factual support regarding the likelihood of success").

//

Federal district courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The court must *sua sponte* raise the issue of subject matter jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Although the court liberally construes Plaintiffs' *pro se* complaint, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), Plaintiffs nonetheless "must allege facts that establish the court's subject matter jurisdiction," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In general, federal jurisdiction exists when either (1) a claim arises under the Constitution or laws of the United States (federal question jurisdiction), or (2) a suit arises between citizens of different states and the amount in controversy exceeds $75,000.00 (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

The court assumes Plaintiffs intend to allege diversity jurisdiction because that is the only section of their complaint that they partially completed.[3] (*See* Compl. at 4; *see generally id.*) Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

---

[3] There is no indication on the face of Plaintiffs' complaint that they intend to allege that their claims arise under the Constitution, laws, or treaties of the United States. (*See* Compl.); 28 U.S.C. § 1331.

Diversity jurisdiction requires complete diversity of citizenship between the parties, which means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). For purposes of assessing diversity jurisdiction, a corporation's place of citizenship is both the state in which it is incorporated and the location of its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiffs' jurisdictional allegations reveal a lack of complete diversity. (*See* Compl. at 4.) Although Plaintiffs are silent regarding Ms. Volodkov's domicile, they state that Ms. Malevannaya is a citizen of Washington and that T-Mobile's principal place of business is in Washington. (*See id.*) Those allegations are fatal to demonstrating diversity jurisdiction. *See Morris*, 236 F.3d at 1067.

In addition, given that Plaintiffs' TRO motion is based on T-Mobile's intention to end Plaintiffs' phone service, the court doubts that the amount in controversy exceeds $75,000.00. (*See* TRO Mot. at 1-2; *see also* Compl. at 4-5 (failing to address the amount in controversy).) That shortcoming provides an independent basis for concluding that the court lacks diversity jurisdiction.

Because the court has no subject matter jurisdiction over the action, Plaintiffs fail to meet the standard for issuance of a TRO, and the court accordingly denies the motion.[4]

---

[4] The court also notes that Plaintiffs are unlikely to succeed on the merits of their claims—whatever those claims may be—for another reason: their complaint contains no factual allegations whatsoever. *Cf. Herguan Univ. v. Immigration & Customs Enf't*, No. 5:12-cv-04364 EJD, 2012 WL 3627862, at *2 (N.D. Cal. Aug. 21, 2012) (noting that "the court

*See Burgess v. Forbes*, No. C 09-629 JF (HRL), 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009) (denying a motion for a TRO because the plaintiff had "not demonstrated the existence of federal subject matter jurisdiction and so ha[d] not demonstrated a likelihood of success on the merits"). In addition, because the court must dismiss the action if it lacks subject matter jurisdiction, the court orders Plaintiffs to show cause regarding a basis for subject matter jurisdiction. Plaintiffs must file their response of no more than four (4) pages no later than Monday, July 2, 2018. If Plaintiffs fail to file a response or otherwise demonstrate the court's subject matter jurisdiction, the court will dismiss this case without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the court DENIES Plaintiffs' IFP motion (Dkt. # 1) without prejudice to Ms. Volodkov filing an application that complies with the directives set forth above; DENIES Plaintiffs' motion for a TRO (Dkt. # 1-2); and ORDERS Plaintiffs to show cause no later than Monday, July 2, 2018, why this matter should not be dismissed for lack of subject matter jurisdiction.

Dated this 18th day of June, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[wa]s unable to locate a complaint, petition or other similar document which details the causes of action underlying the request for injunctive relief").