UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEKATERINA MALEVANNAYA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE, <br><br> Defendant. | CASE NO. C18-0886JLR <br><br> ORDER DENYING MOTION TO REOPEN |

Before the court is Plaintiffs Yekaterina Malevannaya and Liliya Volodkov's (collectively, "Plaintiffs") motion to reopen. (Mot. (Dkt. # 6).) On June 15, 2018, Plaintiffs filed this case against Defendant T-Mobile and simultaneously moved for a temporary restraining order ("TRO").[1] (*See* Compl. (Dkt. # 1-1); TRO Mot. (Dkt.

---

[1] Along with their complaint and motion for a TRO, Plaintiffs filed a motion to proceed *in forma pauperis* ("IFP"). (*See* IFP Mot. (Dkt. # 1).) The IFP motion contained information related only to Ms. Malevannaya and was signed only by her. (*See id.*) Ms. Volodkov neither signed the IFP motion nor paid the required filing fee. (*See* Dkt.) The court thus ordered Ms. Volodkov to correct the deficiency by filing a signed IFP application containing her financial

# 1-2).) Plaintiffs' complaint contained no factual allegations, aside from asserting that both Ms. Malevannaya's domicile and T-Mobile's principal place of business are in Washington. (*See generally* 6/18/18 Order at 5-7; Compl.; *see id.* at 4.) Based on those allegations, the court concluded that Plaintiffs intended to allege diversity jurisdiction as the basis for the court's subject matter jurisdiction, that the court lacked subject matter jurisdiction because there was not complete diversity of citizenship among the parties, and that Plaintiffs failed to meet the standard for issuance of a TRO. (6/18/18 Order at 5-7); *see also* 28 U.S.C. § 1332. The court thus denied the TRO motion and ordered Plaintiffs to show cause no later than Monday, July 2, 2018, why the court should not dismiss this matter for lack of subject matter jurisdiction. (*Id.* at 6-7.)

Plaintiffs did not specifically respond to the court's order (*see* Dkt.) but on June 18, 2018, filed several "exhibits" (*see* Exhibits (Dkt. # 3)). The court found that none of those exhibits demonstrated subject matter jurisdiction. (7/3/18 Order (Dkt. # 4) at 2-3.) The court therefore dismissed Plaintiffs' complaint without prejudice and entered judgment. (*See id.* at 3; Judgment (Dkt. # 5).)

On July 12, 2018, Plaintiffs moved to reopen the case. (*See* Mot.) In their motion, Plaintiffs make new allegations related to their phone service and apparent removal from T-Mobile's headquarters. (*See id.* at 1-2.) Those allegations, however, do not change the fact that the court lacks subject matter jurisdiction. (*See* 6/18/18 Order; 7/3/18 Order); 28

---

information no later than Monday, July 2, 2018. (6/18/18 Order (Dkt. # 2) at 3.) Ms. Volodkov filed her IFP application on July 13, 2018, and the court denies it as untimely and moot. (*See* 2d IFP Mot. (Dkt. # 6)); *see also infra*.

U.S.C. § 1332; *cf.* Local Rules W.D. Wash. LCR 7(h) (stating that the court will "ordinarily deny" a motion for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence"). Thus, the court DENIES the motion to reopen (Dkt. # 6) and DENIES as moot Ms. Volodkov's untimely IFP motion (Dkt. # 7).

Dated this 16th day of July, 2018.

JAMES L. ROBART
United States District Judge